JEFFERSON, J.
 

 In an information filed by the District Attorney of Los Angeles County, defendant was charged with violation of Penal Code section 211, robbery, in three counts. Count IV charged defendant with possession of a revolver in violation of Penal Code section 12021. The information further alleged defendant had suffered a prior felony conviction for robbery. Defendant pleaded not guilty. He denied the prior conviction but later admitted it to be true. After a jury trial defendant was found guilty as charged, and the jury further found the robberies to be of the first degree. Probation was denied, and defendant was sentenced to the state prison for the term prescribed by law, with sentences pronounced on each count to run concurrently. This is an appeal from the judgment and order denying motion for new trial.
 

 On January 4, 1961, defendant and codefendant, Leonard Brown (not appealing here) were stopped by a police officer of the City of Compton after the vehicle driven by defendant was observed to have made four consecutive right turns and to have failed to come to a stop at a posted traffic stop sign. Robert W. Coovert, a police officer, testified he arrested defendants and searched the vehicle finding a loaded revolver under the right front seat. The revolver, a dark handkerchief
 
 *690
 
 in which it was wrapped, a hat on the back seat, a ear coat worn by codefendant Brown, and two receipts from Avalon Farms found in the pocket of the coat worn by Brown were introduced in evidence at the trial.
 

 On January 2, 1961, Alter Zimmerman, owner of B1 Segundo Dairy, testified that he was assaulted and robbed on the dairy premises, and that defendant was the person who had struck him over the head with a revolver and took from his person the sum of $840 of dairy funds, together with $63 of his personal funds. These moneys were in his coat pocket. The witness said the revolver introduced in evidence was similar to the one he saw in defendant’s hand, and he identified the coat as one similar to the coat worn by defendant at the time of the robbery. Zimmerman had previously identified defendant in a police line-up.
 

 Ivory Webb, a clerk at the dairy at the time of the robbery, also identified defendant as the person who had committed the robbery. He further testified defendant had been a previous customer and he observed at the time of the robbery that defendant walked with a limp. Defendant had polio as a child and has a disability in walking or running.
 

 On January 3, 1961, Fred Madigan and William Collins of Avalon Farms, were robbed at gunpoint on the Avalon Farms premises. Fred Madigan testified as follows: He recalled seeing two men, built like defendant and his codefendant who were wearing handkerchief masks. He saw them jump over a fence and one pulled a gun. The man resembling codefendant Brown struck Madigan and ordered him to open the safe. He tried and failed and then gave the combination numbers to the man resembling defendant who also unsuccessfully tried to open the safe. The men took Madigan’s wallet and money in the amount of $11 of company funds and $4.00 of his personal funds. Madigan identified the two receipts which were received in evidence and said they were in his handwriting and they might have been in his pocket together with the money which was taken.
 

 William Collins testified he was employed by Avalon Farms and was on the premises on the night of January 3, 1961. He said the two men wearing handkerchief masks resembled defendant and codefendant. The man resembling defendant wore glasses which resembled the glasses that defendant was wearing at trial; he had a gun and wore a coat which resembled the gun and coat introduced into evidence.
 

 The main line of defense presented at trial was the defense
 
 *691
 
 of alibi. Defendant and his codefendant denied participating in the robberies and several witnesses called by the defense supported their testimony of being elsewhere at the time of the robberies. Suffice it to say the jury must have rejected their testimony, and it would serve no purpose to review it here.
 

 Officer Roy M. Jones was called on rebuttal and testified as to a conversation he had with defendant in which the latter stated the car coat found in the car at the time of his arrest belonged to codefendant Brown.
 

 Defendant contends the trial court erred as a matter of law in failing to instruct the jury
 
 sua sponte
 
 as to a defense alibi. The court gave the instructions that were requested by the People, which included an instruction to consider all the evidence in the case and an instruction to acquit in case of reasonable doubt. Defendant did not request the court to give any instructions. Defendant concedes in his brief that it is established by case law in California that failure of the trial court to instruct the jury on its own motion concerning alibi does not constitute error. Defendant suggests this existing law relating to alibi instruction is erroneous and that the court should on its own motion give a cautionary instruction on alibi similar to that in California Jury Instructions (Criminal).
 
 [1]
 
 A defense based upon an alibi, as contrasted with the defense of insanity, for example, is not an independent affirmative defense; that is, the alibi can not be considered by itself, but must be considered in connection with all other evidence in the case.
 
 (People
 
 v. Foster, 198 Cal. 112, 127 [243 P. 667].) For this reason, in the absence of a request for a specific instruction on alibi, it is sufficient that the jury be instructed generally to consider
 
 all
 
 the evidence in the case, and that defendant is entitled to an acquittal in case of a reasonable doubt whether his guilt is satisfactorily shown. We find no basis for a change in the existing well established law on this point.
 

 
 *692
 
 Defendant contends that special circumstances in this ease warrant an exception to the general rule that the alibi instruction is not mandatory. It is possible that in a rare ease special circumstances may be present which would make the alibi instruction imperative in order to have a fair trial. (See 118 A.L.R. 1303, 1310.) The special circumstances relied upon by defendant in the case before us may be enumerated as follows: (1) The main defense offered was that of alibi; (2) the witnesses’ identification was open to considerable doubt; and (3) the deputy district attorney disparaged “alibi” in his argument to the jury.
 

 This first “special circumstance” was considered in
 
 People
 
 v.
 
 Whitson,
 
 25 Cal.2d 593, 603-604 [154 P.2d 867], Where an alibi is the main or sole defense the court reasoned, “. . . if the sole defense of a defendant is an alibi, it would seem that less reason exists for requiring an alibi instruction on the court’s own motion, since the general instructions regarding reasonable doubt, burden of proof, etc., would apply directly to the only defense, and there could exist no possibility of confusion. ’ ’
 

 Concerning the second circumstance, even if the identification was open to considerable doubt, it does not rationally require a special instruction as to the alibi which was also open to considerable doubt if the jury is instructed to consider all the evidence and acquit in the ease of reasonable doubt. In regard to the third circumstance, the deputy district attorney merely mentioned the word “alibi” in the argument to the jury. Only the testimony of the witnesses which was offered to establish the alibi was disparaged, not the defense of alibi itself.
 

 In the light of the proceedings in the instant case, the trial court did not commit error in failing to instruct the jury on its own motion concerning the defense of alibi.
 

 Defendant also contends that it was error for the trial court not to give a cautionary instruction on its own motion concerning the officer’s testimony of the oral admission made by defendant that the coat worn by him at the time of arrest belonged to Brown, which admission was denied by defendant. This out-of-court admission was of little consequence in the overall weight of evidence. It is undisputed that Brown was actually wearing the coat at the time defendants were arrested. An instruction under these circumstances would have been of dubious value to the jury in its evaluation of the evidence, and failure to give the instruction was not prejudicial.
 

 
 *693
 
 The judgment and order denying motion for new trial are affirmed.
 

 Burke, P. J., and Balthis, J., concurred.
 

 A petition for a rehearing was denied July 31, 1962, and appellant’s petition for a hearing by the Supreme Court was denied September 5, 1962.
 

 [1]
 

 CALJIO (revised) No. 31;
 

 "When one who was not at the place where a crime was committed at the time of its commission is later charged with having been present and having committed or taken part in committing such crime, his absence from the scene of the crime, if proved, is a complete defense that we call an alibi.
 

 "The defendant [. . . ] in this ease has introduced evidence tending to prove that he was not present at the time and place of the commission of the alleged offense, for which he is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt whether or not the defendant was present at the time the crime was committed, he is entitled to an acquittal. ’ ’