[Crim. No. 13023.   Second Dist., Div. One.   Aug. 10, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES HENRY JOHNSON, JR., Defendant and Appellant.

James Henry Johnson, Jr., in pro. per., and Paul A. Jacobs, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Suzanne E. Graber, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE. J.—Defendant with one Coffee was charged with burglary (§ 459, Pen. Code) and two prior felony (burglary) convictions. He pleaded guilty to burglary, second degree, and a probation report was ordered. Thereafter on defendant's motion his guilty plea was set aside; he pleaded not guilty. Out of the presence of the jury he admitted the two prior felony convictions (later no disposition of these priors was made by the judge); the jury found him guilty of burglary, second degree, and he was sentenced to the state prison. Defendant appeals from the judgment.

On June 7, 1966, during the early morning hours, Loenco,

Inc., was broken into; entrance was gained by breaking a pane of glass out of, and prying open, the window located next to the rear door; nothing was removed from the premises, but two typewriters and an adding machine were found on the floor just inside (two or three feet) the rear doorway of the building. These articles were ordinarily kept in the front office.

A Mr. Hurt lived near the alley and in a direct easterly line from the rear door of Loenco, Inc. Around 1:30 or 1:40 a.m. on June 7 he heard the sound of a muffler on a car being driven up the alley, then footsteps; he looked out of the window and saw two people approaching the rear door of Loenco; one tried the door knob, the other looked through a window; he left the window to telephone the sheriff and then heard a sound of breaking glass; upon returning to the window he saw two male Negroes run out of the rear door of the building; one stumbled in some tall weeds and then both continued to run toward the alley; he saw them in the vicinity of a telephone pole at the side of the alley and then heard an officer say "Stop" or "Halt."

Deputy Green and his partner, on duty in a radio car, responded to a call to go to the Loenco building around 1:30 a.m.; as they drove into the alley they observed a white 1957 Oldsmobile parked near the fence; he checked the vehicle's hood and found it to be warm, then proceeded to check doors and windows along the alley for signs of entry; by the time he entered the parking lot adjacent to Loenco, defendant was under arrest.

Deputy Stewart went to the Loenco building in response to a call around 1:43 a.m.; he ran toward the alley and a parked Oldsmobile and, noticing a partially opened door at the rear of Loenco, removed a set of keys from the vehicle's ignition; he started around a telephone pole and saw two men run out of the rear of the building, one, defendant, stumbled into the weeds, the other, Coffee, continued in his direction; he immediately backed up four or five feet and, when Coffee came around the corner, drew his gun and said "Halt."

Defendant testified that in the early morning of June 7 he was leaving his girl friend's home located four houses east of the alley and was familiar with the area since his brother lived two blocks away. He told a story of how his girl friend's husband always checked the house causing him to park elsewhere and of calling Coffee to pick him up, parking in the alley so the car could not be seen from the street, meet-

ing Coffee, walking down the alley, seeing a police car parked near Coffee's car, thinking the husband was having someone check on his girl friend, and being stopped by an officer who told them to halt. He denied entering the Loenco building.

After defendant testified on his own behalf the deputy district attorney asked him on cross-examination whether he had ever been convicted of a felony; defendant replied that he had been convicted of two felonies, burglary and suspicion of burglary. Defense counsel then requested an immediate instruction concerning the limited nature of the examination, to wit, to impeach defendant's credibility. The trial judge ruled that the instruction would be given with others at the close of the argument, and it was. Thus, appellant says that the judge erred in failing to give the instruction immediately upon his request during the trial.

██ For the purpose of impeachment it may be shown by the examination of the witness that previously he had been convicted of a felony. (§ 2051, Code Civ. Proc.,) Appellant does not challenge the right of the prosecutor to examine him concerning his felony convictions, but says that when he admitted having suffered the two priors involving burglary, the instruction should have been given then, not later, for then the jury concluded that he also committed the burglary in question. Section 1093, subdivision 6, Penal Code, provides that "from time to time during the trial, and without any request from either party, the trial judge may give the jury such instructions on the law applicable to the case as he may deem necessary for their guidance on hearing the case. . . ." Thus, the matter of giving instructions during a trial is within the discretion of the judge. Section 1093, setting up the order of proceedings at trial, also provides that at the conclusion of arguments to the jury (subd. 5), "The judge may then charge the jury. . . ." (Subd. 6; *People* v. *Pruitt*, 155 Cal.App.2d 585, 592 [318 P.2d 552].) This was the procedure followed in the instant case; at the conclusion of counsels' arguments, the judge read to the jury various instructions including an instruction relating to the effect of the conviction of a felony on the credibility of a witness (CALJIC 54-B). Appellant's argument that when the jurors heard him admit that he had suffered two prior felony convictions involving burglary they then concluded that he also committed the instant crime, is based entirely on speculation and conjecture as to when the jurors made up their minds concerning his guilt. There is no reason to believe that they

failed to keep an open mind throughout the trial. We find no abuse of the trial court's discretion in ruling that the instruction would be given with others at the conclusion of the arguments.

While not denying the statutory right of impeachment of a witness by showing by his examination that he had been convicted of a felony, appellant claims that it should not apply to *any* felony. He argues that the fact that he had been convicted of two felonies involving burglary was of no real value, did not serve to challenge his integrity, honesty or veracity for telling the truth under oath and did not show his tendency to lie as would a conviction for perjury; and that he was prejudiced by his admission. Section 2051, Code of Civil Procedure, provides for impeachment by proof that the witness "had been convicted of a felony"—not restrictive, this extends to any felony conviction. This is reaffirmed in section 788 of the new Evidence Code which provides that for "the purpose of attacking the credibility of a witness, it may be shown by the examination of the witness . . . that he has been convicted of a felony. . . ." It is true that such evidence tends to prejudice a defendant in the eyes of a jury but such prejudice has been deemed by the Legislature to be outweighed, when a defendant chooses to take the stand, by the jury's right to be informed that one of the circumstances to be considered in weighing his testimony is the fact that he has been convicted of a felony. " 'It may be shown by the examination of a witness that he has been convicted of a felony, the number of felonies, and the names of them. [Citations.]' (*People* v. *Renteria* (1960) 181 Cal.App.2d 214, 218 [5 Cal.Rptr. 119, 78 A.L.R.2d 1275].) ' "This rule applies to a defendant who testified in his own behalf in a criminal trial despite the fact that such evidence may tend to prejudice him in the eyes of the jury." [Citation.]' (*People* v. *Bagley* (1962) 208 Cal.App.2d 482, 488 [25 Cal.Rptr. 340].)" (*People* v. *Propp*, 235 Cal.App.2d 619, 632 [45 Cal.Rptr. 690].) Defendant herein chose to take the witness stand on his own behalf thereby exposing himself to cross-examination concerning any prior felony conviction; moreover, while he asked for a *sua sponte* instruction concerning the limited nature of the evidence, at the trial defendant interposed no objection to the questions about his prior felony convictions. The admissibility of evidence will not be reviewed on appeal in the absence of a proper objection in the trial court. (See *People* v. *Kitchens*, 46 Cal.2d 260, 262 [294 P.2d 17].)

In his closing brief, appellant argues that under *People v. Wilson,* 66 Cal.2d 749 [59 Cal.Rptr. 156, 427 P.2d 820], it was error for the trial court not to instruct the jury on the defense of alibi even though he did not request such an instruction. While it is the duty of the court in a criminal case to give, on its own motion, instructions "on the general principles of law relevant to the issues raised by the evidence *(People v. Jackson,* 59 Cal.2d 375, 380 [29 Cal.Rptr. 505, 379 P.2d 937]; *People v. Putnam,* 20 Cal.2d 885, 890 [129 P.2d 367]; *People v. Warren,* 16 Cal.2d 103, 116-117 [104 P.2d 1024])" *(People v. Wilson,* 66 Cal.2d 749, 759 [59 Cal. Rptr. 156, 427 P.2d 820]), it is not its duty to give instructions, without request, on specific points developed through the evidence or specific theories which might be applicable to the particular case. *(People v. Warren,* 16 Cal.2d 103, 116-117 [104 P.2d 1024]; *People v. Putnam,* 20 Cal.2d 885, 890 [129 P.2d 367]; *People v. Wade,* 53 Cal.2d 322, 334 [1 Cal.Rptr. 683, 348 P.2d 116]; *People v. Atwood,* 223 Cal.App.2d 316, 332 [35 Cal.Rptr. 831].) ▮ The contention has frequently been made that when the defense is an alibi, an instruction thereon is mandatory, but it is the rule in California that although substantial alibi evidence may be given by the defense, in the absence of request for a specific charge on the subject, it is not the duty of the trial court to give it. *(People v. Whitson,* 25 Cal.2d 593, 603 [154 P.2d 867].) A defense based on alibi has been held not to be an independent affirmative defense; that is, the alibi cannot be considered by itself, but must be considered with all other evidence in the case. *(People v. Foster,* 109 Cal. 112, 127 [243 P. 667]; *People v. Branch,* 205 Cal.App.2d 688, 691 [23 Cal.Rptr. 342].) If the alibi evidence is believed, it merely raises a doubt as to the defendant's presence and, hence, his participation in the crime. Normally, therefore, the general instructions on consideration of the evidence and to acquit in case of reasonable doubt will be deemed to cover alibi evidence, and a special instruction thereon need not be given unless requested. *(People v. Edwards,* 213 Cal.App.2d 569, 572 [28 Cal.Rptr. 880].)

But even if defendant's testimony were credible, it would raise no doubt as to his presence near the Loenco building and in the alley and his participation in the burglary. Defendant's testimony does not attempt to establish that he could not have committed the crime because he was elsewhere, but tries to justify his presence in the parking lot adjacent to Loenco where he was arrested. Mr. Hurt, who saw two male

Negroes attempt to enter the rear of the building and then later run out of the rear door toward the alley where he heard an officer say "Stop," testified that this occurred "about 1:30 or 1:40" a.m.; Deputy Stewart placed the time of defendant's arrest around 1:43 a.m. Defendant testified that he left his girl friend's house at "1:15, 1:20, 1:30" a.m. "right around there." Defendant's own testimony places him in the immediate area of the Loenco building when it was burglarized; it was in the parking lot next door he was arrested by Deputy Stewart around 1:43 a.m.

In addition, appellant in propria persona has filed a brief; the issues he raises are without substance. His claim that the trial judge erred in not granting time to hear a motion for a new trial before pronouncing judgment is invalidated by his request through his counsel, immediately after the verdict was returned, that "[h]e would like sentence at this time." Moreover, there is nothing in the record to indicate that a motion for new trial was ever made, or that defendant or his counsel wished to make one. Unsupported, too, is the claim of error that the judge did not order a probation report. Defendant, through his counsel, consented by stipulation to the consideration of the probation report already on file (ordered at the time defendant pleaded guilty, and completed) and expressly waived any further application or referral to the probation department. There is nothing in the record indicating any promise by defendant's counsel that he would obtain a new trial if he would request immediate sentencing; even had such a promise been made, absent any state involvement, defendant would not be entitled to relief. (See *In re Teran*, 65 Cal.2d 523, 528 [55 Cal.Rptr. 259, 421 P.2d 107].) We deem further discussion of appellant's assertions of inadequacy of counsel to be unnecessary.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 25, 1967.