[Crim. No. 20479. Oct. 12, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILLIP NEIL FREEMAN, Defendant and Appellant.

## COUNSEL

Douglas R. Schmidt, under appointment by the Supreme Court, for Defendant and Appellant.

Quin Denvir, State Public Defender, Charles M. Sevilla, Chief Assistant State Public Defender, Jerry Smilowitz, Joseph Levine and John M. Redmond, Deputy State Public Defenders, as Amici Curiae on behalf of Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart, Thomas A. Brady and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RICHARDSON, J.**—Defendant, Phillip Neil Freeman, appeals from a judgment ordering him committed to the Youth Authority after a jury found him guilty of robbery (Pen. Code, § 211). Defendant, who relied solely upon an alibi defense, contends that the trial court erred in failing to instruct the jury, on its own motion, regarding the principles underlying that defense. As will appear, we have concluded that although defendant was entitled to the instruction upon request, the trial court did not err in failing to act *sua sponte*.

The record discloses that a grocery store clerk was robbed by a man armed with a pellet pistol. Although the robber was wearing a stocking mask, the store clerk recognized him from previous contacts in the area. After the robbery, the clerk went home and searching through his high school yearbook in an attempt to identify the robber chose the picture of John Freeman, defendant's brother, as resembling the robber.

Investigation revealed that John Freeman had been out of town on the night of the robbery. The high school dean, however, viewed a picture of the suspect taken during the robbery and told the officers that the picture resembled defendant more closely than his brother. Subsequently, the clerk selected defendant's picture from a photographic display and identified him as the robber.

A search of defendant's home conducted pursuant to a warrant uncovered a pellet pistol and shirt resembling that worn by the robber. The clerk identified the pistol as the crime weapon by its distinctive appearance. At trial, the clerk positively identified defendant as the man who robbed him. Defendant relied exclusively on an alibi defense, which was supported by his own testimony and that of his mother and father.

The trial court instructed the jury on the issue of reasonable doubt, as follows: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal. This presumption places upon the State the burden of proving him guilty beyond a reasonable doubt. Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that

condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge." (CALJIC No. 2.90 (3d ed. 1970).)

As noted above, the jury returned a guilty verdict. Defendant now contends that the trial court also should have given the standard instruction (CALJIC No. 4.50 (3d ed. 1970)) on the subject of alibi defenses, which provides: "The defendant in this case has introduced evidence tending to show that he was not present at the time and place of the commission of the alleged offense for which he is here on trial. If, after a consideration of all the evidence, you have a reasonable doubt that the defendant was present at the time the crime was committed, he is entitled to an acquittal."

The general rules regarding a trial court's obligation to instruct the jury *sua sponte* in a criminal case are well established. ■ " 'It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, *and which are necessary for the jury's understanding of the case.' (People* v. *St. Martin* (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390]; and see *People* v. *Sedeno* (1974) 10 Cal.3d 703, 716 [112 Cal.Rptr. 1, 518 P.2d 913].) Included within this duty is the '. . . obligation to instruct on defenses, . . . and on the relationship of these defenses to the elements of the charged offense . . .' where '. . . it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense . . . .' (*People* v. *Sedeno, supra,* at p. 716.)" (*People* v. *Stewart* (1976) 16 Cal.3d 133, 140 [127 Cal.Rptr. 117, 544 P.2d 1317], italics added.)

■ Contrary to defendant's contention, the foregoing principles do not require *sua sponte* instructions whenever an alibi defense is raised because ". . . although substantial alibi evidence may be given by the defense, in the absence of any request for an instruction in respect thereof, it is not the duty of the trial court to give a specific charge upon that subject. [Citations.]" (*People* v. *Whitson* (1944) 25 Cal.2d 593, 603 [154 P.2d 867]; accord *People* v. *Hoffmann* (1970) 7 Cal.App.3d 39, 47 [86 Cal.Rptr. 435]; *People* v. *Hardy* (1969) 271 Cal.App.2d 322, 333 [76 Cal.Rptr. 557]; *People* v. *Johnson* (1967) 253 Cal.App.2d 396, 401 [61 Cal.Rptr. 225]; *People* v. *Edwards* (1963) 213 Cal.App.2d 569, 571-572 [28 Cal.Rptr. 880]; *People* v. *Branch* (1962) 205 Cal.App.2d 688, 691 [23

Cal.Rptr. 342]; *People* v. *Williams* (1957) 153 Cal.App.2d 5, 10 [314 P.2d 161].)

As many of the foregoing cases explain, an alibi defense is not an affirmative defense and, accordingly, ". . . the alibi can not be considered by itself, but must be considered in connection with all other evidence in the case. [Citation.] For this reason, in the absence of a request . . . it is sufficient that the jury be instructed generally to consider *all* the evidence in the case, and that defendant is entitled to an acquittal in case of a reasonable doubt whether his guilt is satisfactorily shown." (*People* v. *Branch, supra,* 205 Cal.App.2d 688, 691; *People* v. *Hoffmann, supra,* 7 Cal.App.3d at p. 47; *People* v. *Johnson, supra,* 253 Cal.App.2d at p. 401; *People* v. *Edwards, supra,* 213 Cal.App.2d at p. 572.)

Nor is the foregoing rationale inapplicable where, as here, the alibi represents the sole defense in the case. As we stated in *Whitson, supra,* 25 Cal.2d 593, "[I]f the sole defense of a defendant is an alibi, it would seem that *less* reason exists for requiring an alibi instruction on the court's own motion, since the general instructions regarding reasonable doubt, burden of proof, etc., would apply directly to the only defense, *and there could exist no possibility of confusion.*" (P. 604, italics added.)

In the present case, as noted above, the jury was instructed to acquit defendant if the prosecution failed to establish his guilt beyond a reasonable doubt. It would have been redundant to have required an additional instruction which directed the jury to acquit if a reasonable doubt existed regarding defendant's presence during the crime. As stated in *Whitson,* no juror could possibly be misled by the failure to instruct on the significance of defendant's alibi defense.

Defendant relies upon *People* v. *Rubio* (1977) 71 Cal.App.3d 757, 770-772 [139 Cal.Rptr. 750], wherein the Court of Appeal concluded that our language in *People* v. *Stewart, supra,* 16 Cal.3d 133, and *People* v. *Sedeno, supra,* 10 Cal.3d 703, had overruled sub silentio our *Whitson* holding and cases which followed it. *Rubio,* however, failed to note that both *Stewart* and *Sedeno* expressly acknowledged that the trial court's *sua sponte* obligation extends only to those general legal principles " 'which are necessary for the jury's understanding of the case.' " (16 Cal.3d at p. 140; 10 Cal.3d at p. 715.) As *Whitson* and subsequent cases explain, an alibi instruction is not necessary in light of the standard instructions regarding reasonable doubt and burden of proof. Neither *Stewart* nor *Sedeno* involved an alibi defense and neither case purported to adopt any

new principle of law which would challenge our *Whitson* case. To the extent it is inconsistent with the views expressed herein, *Rubio* is disapproved.

The judgment is affirmed.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Manuel, J., and Newman, J., concurred.