429 So.2d 804 (1983)
Willie Frank MILTON a/K/a Willie Frank Thomas, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1337.
District Court of Appeal of Florida, Fourth District.
April 13, 1983.
Richard L. Jorandby, Public Defender, Craig S. Barnard, Asst. Public Defender, and Thomas F. Ball, Legal Asst., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Appellant was convicted of possession of a firearm by a convicted felon, carrying a concealed firearm and possession of a short barrelled rifle. He was sentenced to ten years imprisonment upon the first charge. We affirm in part, reverse in part and remand for new trial on the first charge only.
After the jury had been sworn, the trial court denied as untimely the prosecution's oral motions to compel the taking of appellant's fingerprints at trial.[1] The prosecutor had intended to compare them with those appearing in a certified judgment of conviction from a court file in a previous felony case involving Willie Frank Thomas.[2] The prosecutor then orally requested that the trial court take judicial notice of the previous court file, "particularly as it pertain[ed] to the Defendant's date of birth, place of address and description." The defense objected on the grounds that the court file in the previous case had not been listed in discovery[3] and came as a complete *805 surprise. The trial court then informed counsel it would take judicial notice of the court file. Shortly thereafter, while a deputy sheriff was testifying on direct examination, the trial court, again over objection, informed the jury as follows:
The Court will take judicial notice and will so advise the jury Case No. 77-30CF is entitled State of Florida versus Willie Frank Thomas, same individual being a black male. Date of birth is 8-18. Defendant, height six foot two inches, weight 185 pounds. Color of hair, black.
Although section 90.202(6), Florida Statutes (1981), provides that a court may take judicial notice of the records of any court of this state,[4] we agree with appellant's arguments that the use of the information from the court file constituted a discovery violation and was an inappropriate "surprise." Further, section 90.204, Florida Statutes (1981),[5] provides for each party to have a reasonable opportunity to be heard prior to the determination of the propriety of taking judicial notice of particular matters. See Rodriguez v. Philip, 413 So.2d 441 (Fla. 3d DCA 1982); and Law Revision Council Note  1976, 6B Fla. Stat. Ann. 288-89 (1979). In this instance, appellant was not accorded that opportunity, and the information the court noted and upon which it instructed the jury was part of the prosecutor's burden of technical and specific proof. State v. Vazquez, 419 So.2d 1088, 1090 (Fla. 1982); Ferguson v. State, 379 So.2d 163 (Fla. 3d DCA 1980); Dowling v. State, 210 So.2d 280 (Fla. 2d DCA 1968); State v. Dixon, 193 So.2d 62 (Fla. 2d DCA 1966). Therefore, it was error to introduce the matter through judicial notice. McDaniels v. State, 388 So.2d 259 (Fla. 5th DCA 1980).
At the outset of the opinion we announced that we are affirming in part, reversing in part and remanding for new trial only upon one of the charges. In affirming the conviction of appellant for his latter two charges, we recognize that he may never be sentenced for any of the three charges should he ultimately be found innocent, on remand, of the first charge. This is because of two reasons. First, the trial court erroneously believed that the latter two charges were lesser included offenses of the first charge; and that it was powerless to sentence appellant, notwithstanding the prosecutor's informing the trial court of the decision in Borges v. State, 415 So.2d 1265 (Fla. 1982) and the differing elements in the *806 three charges here. Second, the state did not raise the sentencing error on appeal; and it would be grossly unfair, under the circumstances, to grant appellant a new trial on the first charge and now permit his being sentenced on the other two charges, whatever the outcome on remand.
BERANEK and HERSEY, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.220(b)(1)(iii) provides that "[a]fter the filing of an indictment or information... a judicial officer may require the accused to ... [b]e fingerprinted... ." The author's comment to the rule (33 Fla. Stat. Ann. 405 (1975)) states: "The procedure in paragraph (b)(1) involves the acquisition of material and information before trial... ."
[2] The information in the present case charged Willie Frank Milton a/k/a Willie Frank Thomas with the commission of the various offenses.
[3] Florida Rule of Criminal Procedure 3.220(a)(1)(xi) requires the prosecutor, upon demand by the defense, to disclose the following information:

Any tangible papers or objects which the prosecuting attorney intends to use in the hearing or trial and which were not obtained from or belonged to the accused.
[4] But see People v. Rubio, 71 Cal. App.3d 757, 766, 139 Cal. Rptr. 750, 756 (1977), disapproved on other grounds, People v. Freeman, 22 Cal.3d 434, 584 P.2d 533, 149 Cal. Rptr. 396 (1978), wherein the court said:

The fact that such statement was set forth in a document of which the court could take judicial notice does not render it admissible. As was stated in Day v. Sharp (1975) 50 Cal. App.3d 904, 914, 123 Cal. Rptr. 918, 924, "[a] trial court may properly take judicial notice of the records of any court of record of any state of the United States. [Citations.] But, as is stated in Jefferson, California Evidence Benchbook (1972) Judicial Notice, section 47.3, at page 840: `Caveat: Limitations on judicial notice of court records. What is meant by taking judicial notice of court records? There exists a mistaken notion that this means taking judicial notice of the existence of facts asserted in every document of a court file, ... a court cannot take judicial notice of hearsay allegations as being true, just because they are part of a court record or file... .'" (Emphasis in original.)
[5] Section 90.204 states:

(1) When a court determines upon its own motion that judicial notice of a matter should be taken or when a party requests such notice and shows good cause for not complying with s. 90.203(1), the court shall afford each party reasonable opportunity to present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed.
(2) In determining the propriety of taking judicial notice of a matter or the nature thereof, a court may use any source of pertinent and reliable information, whether or not furnished by a party, without regard to any exclusionary rule except a valid claim of privilege and except for the exclusions provided in s. 90.403.
(3) If a court resorts to any documentary source of information not received in open court, the court shall make the information and its source a part of the record in the action and shall afford each party reasonable opportunity to challenge such information, and to offer additional information, before judicial notice of the matter is taken.