Filed 3/17/21  P. v. Rodriguez CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DONACIANO RODRIGUEZ,<br><br>     Defendant and Appellant. | A158221<br><br>(Contra Costa County<br>Super. Ct. No. 05-182336-8) |

Donaciano Rodriguez appeals from a judgment entered after he was convicted of three counts of oral copulation or sexual penetration with a child 10 years old or younger (Pen. Code, § 288.7, subd. (b); counts one to three),[1] and eight counts of forcible lewd acts on a child under the age of 14 (§ 288, subd. (b)(1); counts four to 11).  Rodriguez asserts the trial court committed instructional error and failed to award him presentencing conduct credits.  We modify the judgment and affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

### A.

In September 2012, Jane Doe was nine years old and in the fifth grade. The next September, Jane began middle school and turned 11 about two months later—on November 19, 2013. While she was in fifth grade and in the beginning of sixth grade, Jane's uncle, Rodriguez, often picked her up from school and took care of her in the afternoons.

At the time of trial, Jane was 16 years old. Although she did not remember precise dates, she testified that Rodriguez began touching her inappropriately towards the end of fifth grade and that the touching continued into the beginning of sixth grade, when she changed schools. She recalled being nine or ten years old at the time.

Jane testified that on more than five occasions during this period when Rodriguez watched her, he touched her bare breasts and orally copulated her vagina. He also digitally penetrated her vagina on at least 10 occasions and kissed her "[w]ith his tongue" at least five times. Once or twice, Rodriguez forced Jane to touch his penis. When Rodriguez touched her inappropriately, Jane cried and unsuccessfully resisted. Rodriguez threatened to hurt Jane's mother if she said anything.

Jane remembered the molestations continuing through the beginning of sixth grade but stopping before she turned 11. Although she could not recall precise dates, Jane said she stopped seeing Rodriguez after the first few months of sixth grade because her mother started picking her up every day. When Jane was asked if this could have been after she turned 11, she said, "I don't think so." Jane's school records confirmed that she turned 11 about three months after

2

the start of sixth grade. But when Jane was asked if she was sure that Rodriguez's touching did not occur after she turned 11, she said, "I just don't remember."

Jane disclosed the abuse to her mother a few years later. Jane's mother reported her allegations to the police. Jane participated in a forensic interview, wherein she disclosed the same abuse that she described at trial. Jane also made a pretext call to Rodriguez. When she confronted him about him licking her "boobs" and touching her "coochie," he did not protest or deny her allegations. Instead, he repeatedly apologized.

When Rodriguez was interviewed by police, he admitted licking Jane's vagina three or four times and touching her bare chest three or four times. He believed Jane was about nine or 10 years old at the time. But Rodriguez denied kissing Jane inappropriately, digitally penetrating her, or having her touch his penis.

## B.

Several of Rodriguez's friends, family members, and other acquaintances testified that he had acted appropriately around children and that they did not believe he would sexually abuse a child.

## C.

The jury convicted Rodriguez of all 11 counts. The trial court sentenced him to an aggregate prison term of 94 years to life.

## DISCUSSION

## A.

Rodriguez challenges his convictions on counts one through three, arguing the trial court erred by giving an instruction (CALCRIM No. 207) stating that the People were not required to prove that the crimes

3

took place exactly on the dates stated in the information. After reviewing the instructional question de novo (*People v. Cole* (2004) 33 Cal.4th 1158, 1215), we conclude there was no prejudicial error.

**1.**

In reviewing a claim of instructional error, we do not judge a single instruction in isolation. (*People v. Young* (2005) 34 Cal.4th 1149, 1202.) If an instruction is ambiguous, we consider whether there is a reasonable likelihood that the jury misunderstood or misapplied the law considering all the instructions given and counsel's arguments. (*Ibid.*) We should interpret a jury instruction to support the judgment, rather than to defeat it, if the instruction is reasonably susceptible to such interpretation. (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.) We assume jurors are intelligent people who can understand and apply instructions to the facts. (*People v. Carey* (2007) 41 Cal.4th 109, 130.)

**2.**

The trial court gave a modified version of CALCRIM No. 207, which instructed: "It is alleged that the crimes occurred on or about November 19th, 2011 through November 18th, 2013. The People are not required to prove that the crimes took place exactly on that date, but *only that it happened reasonably close* to that day." (Italics added.)

However, section 288.7, subdivision (b), prohibits oral copulation or sexual penetration with a child who has not yet reached their 11th birthday. Accordingly, the trial court also instructed the jury with CALCRIM No. 1128 that, to convict Rodriguez on counts one through three, "the People must prove that: [¶] One, the defendant engaged in an act of oral copulation or sexual penetration with [Jane Doe]; [¶] Two,

when the defendant did so, *[Jane Doe] was ten years of age or younger*; [¶] Three, at the time of the act the defendant was at least 18 years old. [¶] Under the law, a person becomes one year older as soon as the first minute of . . . her birthday has begun." (Italics added.)

Jane turned 11 years old on November 19, 2013.

**3.**

Rodriguez insists that CALCRIM No. 207 misstates the law and lowered the prosecution's burden of proof for counts one through three because, he contends, the instruction suggested that the jury could convict him for an act that occurred on or after Jane's 11th birthday.

The People contend Rodriguez forfeited the argument by failing to object to the instruction or seek modification below. We nonetheless review Rodriguez's new argument on the merits. (See § 1259 [permitting us to "review any instruction given, refused or modified, even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby"]; *People v. Rojas* (2015) 237 Cal.App.4th 1298, 1304 (*Rojas*) [reaching merits of similar challenge to CALCRIM No. 207 despite forfeiture].)

CALCRIM No. 207 is not an inaccurate statement of the law. It simply states the *general* rule that when a crime is alleged to have occurred "on or about" a certain date, it is not necessary for the prosecution to prove the offense was committed on that precise date, but only reasonably close to that date. (See § 955; *Rojas, supra,* 237 Cal.App.4th at p. 1304.)

An exception to the general rule exists when the timing of the offense is material. Thus, it is improper to give CALCRIM No. 207 "when the prosecution's proof establishes the offense occurred on a

particular day to the exclusion of other dates, and when the defense is alibi (or lack of opportunity)." (*People v. Jennings* (1991) 53 Cal.3d 334, 358-359; accord, *People v. Jones* (1973) 9 Cal.3d 546, 557, overruled on other grounds by *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069 & fn. 13; Bench Notes to CALCRIM No. 207.) There is no dispute that this exception does not apply.

Nor do we agree with Rodriguez that it is reasonably likely that CALCRIM No. 207 misled or confused the jury regarding the crucial temporal element in CALCRIM No. 1128, thereby allowing the jury to convict him on counts one, two, or three for an act that occurred *after* Jane turned 11 years old. (Cf. *Rojas, supra,* 237 Cal.App.4th at pp. 1306-1307.) The jury was explicitly instructed that, to convict Rodriguez on counts one, two, or three, the People had to prove that he engaged in an act of oral copulation or sexual penetration with Jane when she "was ten years of age or younger." The prosecutor's closing argument also specifically discussed CALCRIM Nos. 207 and 1128 and made clear that, with respect to the first three counts, the People bore the burden to show Jane was under the age of 11 when each act occurred, even if the particular date was otherwise irrelevant. Defense counsel emphasized the same point. (See *People v. Young, supra,* 34 Cal.4th at p. 1202 [reviewing court may consider arguments of counsel when assessing effect of instruction on jury].)

The evidence further supports the conclusion that the jury was not reasonably likely to be confused. Although defense counsel argued that reasonable doubt existed as to Jane's age at the time of an act of oral copulation or digital penetration, there was no affirmative evidence that an act of oral copulation or digital penetration occurred

6

after Jane turned 11 years old.  Jane said she did not remember for sure whether *any touching occurred after* she turned 11.  That does not conflict with her testimony that Rodriguez committed at least five acts of oral copulation and at least 10 acts of digital penetration while she was nine or 10 years old.

The jury's verdicts make clear that they believed Jane's testimony, which was corroborated by her academic records and her mother's testimony that Rodriguez babysat Jane when she was in fifth grade.  Most importantly, Rodriguez himself admitted that Jane was nine or 10 years old when he orally copulated her.

On this record, there is no reasonable likelihood a juror would have concluded acts of digital penetration or oral copulation occurring "reasonably close" but *after* Jane's 11th birthday would suffice to convict Rodriguez on counts one, two, or three.  Even if we assume instructional error occurred, we conclude it was harmless.  (See *Rojas, supra,* 237 Cal.App.4th at p. 1307; *People v. Seabourn* (1992) 9 Cal.App.4th 187, 194.)

### B.

Rodriguez and the People agree that the trial court erroneously denied him presentence conduct credits.  Accordingly, we will modify the judgment.

It is undisputed that Rodriguez is entitled to presentence conduct credits, which are limited to 15 percent because he was convicted of a violent felony.  (See §§ 667.5, subd. (c), 2933.1, subds. (a), (c).)  Despite apparently intending to award such presentence conduct credits, the trial court did not actually calculate or award them.  This amounts to an unauthorized sentence, which can be remedied at any time. (See

*People v. Scott* (1994) 9 Cal.4th 331, 353-354; *People v. Duran* (1998) 67 Cal.App.4th 267, 270.)

Remand is unnecessary. Because the parties agree that Rodriguez is entitled to presentence conduct credits awarded at 15 percent and that the trial court correctly awarded 719 actual custody days, we will modify the judgment. (See *People v. Duran, supra,* 67 Cal.App.4th at p. 270.) Fifteen percent of 719 days (rounded to the greatest whole number not exceeding 15 percent) is 107 days. (See *ibid*.) We order the judgment modified to reflect an award of 826 days of presentence custody—719 actual days plus 107 days for conduct credit.

DISPOSITION

The judgment is modified to reflect an award of 826 days of presentence custody credits (719 actual days and 107 conduct credits). As modified, the judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment stating the correct award of presentence custody credit and to forward a certified copy to the Department of Corrections and Rehabilitation.

_____

BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

NEEDHAM, J.

A158221