[No. D051448. Fourth Dist., Div. One. Nov. 5, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
TYRONE LAMAR SMITH, Defendant and Appellant.

## COUNSEL

Darrel J. Vandeveld, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Rhonda Cartwright-Ladendorf and Sharon L. Rhodes, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, Acting P. J.**—In this case, we hold that a trial court does not violate a defendant's rights to due process and a fair trial by "preinstructing" the jury on the definitions of direct and circumstantial evidence under CALCRIM No. 223, without also preinstructing on the method of assessing the sufficiency of the circumstantial evidence under CALCRIM No. 224, where these instructions are fully and correctly given along with the presumption of innocence and the prosecution's burden of proof at the close of evidence and before deliberations.

Here, a jury convicted Tyrone Lamar Smith of possessing cocaine base for sale (Health & Saf. Code, § 11351.5) and selling cocaine base (Health & Saf. Code, § 11352, subd. (a)). In a bifurcated proceeding, Smith admitted, and the trial court found true, that he had two prior possession for sale or sale of narcotics convictions (Health & Saf. Code, § 11370.2, subd. (a)), four other prior drug convictions (Health & Saf. Code, § 11370, subd. (a)), and another prior felony conviction, all of which rendered him ineligible for probation (Pen. Code,[1] §§ 1203.07, subd. (a)(11), 1203, subd. (e)(4)). Based on his admissions, the court also found true that Smith had served two prior prison terms (§ 667.5, subd. (b)). The court subsequently sentenced Smith to prison for a total of seven years.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

Smith appeals, contending his convictions must be reversed because the trial court gave conflicting instructions on the nature and sufficiency of circumstantial evidence by omitting CALCRIM No. 224 from its preinstructions to the jury, although it included that instruction with the charge to the jury at the close of evidence. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Because Smith does not challenge the sufficiency of the evidence to support his convictions, we merely summarize the facts to provide background for our discussion of his instructional error claim.

On February 6, 2007, San Diego police officers arrested Smith after conducting an undercover "buy-bust" operation in the East Village area of downtown San Diego. During the buy-bust operation, Undercover Officer Michael Day approached a young man, later identified as Jason Jones, about purchasing a "20," which is street slang for $20 worth of cocaine base. Although Jones did not have any drugs to sell, he insisted that he could help Day find someone who did. After Jones, together with Day, unsuccessfully approached several people, they eventually approached Smith. When Jones asked him if he had a "20," Smith replied, "Yeah. Come this way." As Day and Jones started walking with Smith, Smith told Day to "stop" because he did not know him. At that point, Jones took a "prerecorded" $20 bill from Day and walked 25 to 30 feet away with Smith. As they did so, Day alerted other officers on the undercover team that "the deal should be going down." Although Day could not see the exchange because Smith and Jones had their backs to him, another officer on the team positioned in an unmarked car facing Jones and Smith, saw a hand-to-hand exchange between the men through her binoculars. Jones returned and handed Day "two pieces of an off-white substance that [he] immediately recognized to be rock cocaine." Day then gave a predesignated sign to the team and the other officers converged on the scene, arresting Jones and Smith. Neither drugs nor the prerecorded $20 bill used in the buy-bust were found on Smith during a search incident to his arrest or a strip search at the police station.

At trial, in addition to the above evidence, several officers involved in the buy-bust testified that, although they did not see him do it, Smith had at least some opportunity to dispose of the prerecorded bill. The officers opined that in one out of four cases the prerecorded money is not recovered. Day additionally testified that during a postarrest interview, Smith waived his rights and told him, "Man, I got a baby on the way. My girl is two months pregnant, and I can't get a job. I need the extra money for my girl, so I serve it up . . . when I can make money." According to Day, "serve it up" is street slang for dealing or selling rock cocaine.

Day, who was also qualified as an expert on drug sales and possession of drugs, concluded that the 0.13 grams of rock cocaine (cocaine base) given to him in the buy-bust operation was a usable amount of rock cocaine. He also opined that Smith and Jones had engaged in a hand-to-hand transaction whereby Smith sold rock cocaine for $20. The officer who had watched the transaction through her binoculars reached the same conclusion, even though she conceded she could not see what Smith and Jones exchanged.

During closing arguments, defense counsel stressed the prosecution's burden of proving beyond a reasonable doubt that "either direct evidence or circumstantial evidence" showed Smith sold rock cocaine or he possessed any such drug. Counsel asked the jury to carefully consider the court's instruction on the sufficiency of circumstantial evidence and "accept only reasonable conclusions," arguing that the one pointing to Smith's innocence showed that "there's no proof that Jones," rather than Smith, "didn't have [the drugs] on him to begin with." The jury disagreed with Smith's position and concluded beyond a reasonable doubt that he possessed cocaine base for sale and also sold cocaine base as charged.

## DISCUSSION

On appeal Smith essentially contends the trial court violated his state and federal constitutional rights to due process and a fair trial by preinstructing the jury with CALCRIM No. 223, defining direct and circumstantial evidence, without also giving CALCRIM No. 224 on the method of assessing the sufficiency of the circumstantial evidence at that time. He effectively argues that the failure to preinstruct with CALCRIM No. 224 along with CALCRIM No. 223, while giving the two instructions together at the end of trial, created a conflict which "may have lulled one or more of the jurors to regard the weight and effect of the circumstantial evidence presented at trial with an undue liberality." He asserts this failure to preinstruct on the sufficiency of circumstantial evidence "significantly reduc[ed] the prosecution's burden of proof in violation of due process of law" and prejudicially misled the jury because "jurors are far more attentive to a trial judge's initial instructions than they are at the end of testimony." After setting out the relevant facts and pertinent law, we shall reject Smith's various instructional error arguments.

### A. Relevant Facts

After the jury was sworn the trial court preinstructed the jurors as to their basic functions, duties and conduct. The trial judge then told the jury: "Ladies and Gentlemen, before we hear the opening statements of the attorneys and begin to take the evidence, I believe it would be helpful to you if I were to

give you some preliminary instructions to follow in listening to and considering the evidence which you will hear in this case. I will also give you some further instructions after you have heard all of the evidence, that covers the additional law which you are to follow." The judge also told the jury that "[i]f I repeat any principle, instruction or idea, or state it to you in varying ways, no emphasis is intended by me, and none should be inferred by you. All of the court's instructions, whether given before, during or after the taking of testimony, are of equal importance."

Without objection, the court then explained several concepts to the jury regarding statements of counsel, assessing witness credibility, and types of evidence, and preinstructed the jury on, among other things, the definitions of direct and circumstantial evidence under CALCRIM No. 223 and the elements of the charged crimes. The court also admonished the jurors that they were "not to form or express any opinion of this case until the case had finally been submitted to [them]." Later, before closing arguments, the court instructed the jury fully on the pertinent law in this case, including reinstructing on direct and circumstantial evidence under CALCRIM No. 223, reading CALCRIM No. 224 regarding sufficiency of circumstantial evidence, and stressing the prosecution's burden of proof of showing beyond a reasonable doubt any element or fact that the People must prove. After closing arguments, the court read further concluding instructions and provided a written copy of all the instructions to the jury.

## B.   Pertinent Law

"In considering a claim of instructional error we must first ascertain what the relevant law provides, and then determine what meaning the instruction given conveys. The test is whether there is a reasonable likelihood that the jury understood the instruction in a manner that violated the defendant's rights." (*People v. Andrade* (2000) 85 Cal.App.4th 579, 585 [102 Cal.Rptr.2d 254].) We determine the correctness of the jury instructions from the entire charge of the court, not from considering only parts of an instruction or one particular instruction. (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1248 [74 Cal.Rptr.2d 212, 954 P.2d 475] (*Musselwhite*).) The absence of an essential element from one instruction may be cured by another instruction or the instructions taken as a whole. (*Ibid.*) Further, in examining the entire charge we assume that jurors are " ' " 'intelligent persons and capable of understanding and correlating all jury instructions which are given.' [Citation.]" ' [Citations.]" (*People v. Guerra* (2006) 37 Cal.4th 1067, 1148 [40 Cal.Rptr.3d 118, 129 P.3d 321].)

The United States Supreme Court essentially applies the same "whole record" standard in reviewing claims that an instruction violated due process:

"The only question for us is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' [Citations.] It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record. [Citation.] In addition, in reviewing an [alleged] ambiguous instruction . . . , we inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution. [Citation.] And we also bear in mind our previous admonition that we 'have defined the category of infractions that violate "fundamental fairness" very narrowly.' [Citation.] 'Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation.' [Citation.]" (*Estelle v. McGuire* (1991) 502 U.S. 62, 72–73 [116 L.Ed.2d 385, 112 S.Ct. 475], fn. omitted.)

■ Circumstantial evidence has been defined as " 'that which is applied to the principal fact, indirectly, or through the medium of other facts, from which the principal fact is inferred.' " (*People v. Rivera* (2003) 109 Cal.App.4th 1241, 1244 [135 Cal.Rptr.2d 682].) If the prosecution is substantially relying on circumstantial evidence to establish any element of the case, the trial court has a sua sponte duty to give CALCRIM No. 223, defining direct and circumstantial evidence,[2] and CALCRIM No. 224, instructing on how to evaluate circumstantial evidence.[3] (*People v. Heishman* (1988) 45 Cal.3d 147, 167 [246 Cal.Rptr. 673, 753 P.2d 629]; *People v. Yrigoyen* (1955) 45 Cal.2d 46, 49 [286 P.2d 1].) Generally, these instructions must both be given when circumstantial evidence is substantially relied upon for any element by the prosecution. (*Heishman*, at p. 167; *Yrigoyen*, at p. 49.)

■ With regard to the timing of jury instructions on the law, including the giving of CALCRIM Nos. 223 and 224, trial courts are vested with wide discretion as to when to instruct the jury. (§§ 1093, subd. (f), 1094; *People v. Chung* (1997) 57 Cal.App.4th 755, 758 [67 Cal.Rptr.2d 337] (*Chung*).)

---

[2] CALCRIM No. 223 states, in pertinent part: "Both direct and circumstantial evidence are acceptable types of evidence to prove or disprove the elements of a charge, including intent and mental state and acts necessary to a conviction, and neither is necessarily more reliable than the other. Neither is entitled to any greater weight than the other. You must decide whether a fact in issue has been proved based on all the evidence."

[3] CALCRIM No. 224 provides: "Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt. [¶] Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable."

Statutory law mandates only certain preinstructions be read to the jury. (See § 1122, subd. (a).) Section 1122, subdivision (a) provides that "[a]fter the jury has been sworn and before the people's opening address, the court shall instruct the jury generally concerning its basic functions, duties, and conduct," and does not mention the order of instructing on the law. These preinstructions "shall include" various matters, including admonitions that the jurors shall not discuss the case, read media accounts, conduct their own investigations, or receive any payment for supplying information regarding the trial. (§ 1122, subd. (a).) Such admonishments are directed at precluding the jurors from being exposed to and influenced by outside sources or extrinsic evidence during the trial as well as from deciding the case before it is submitted to them. To have any real effect, these instructions must be given before the evidence is presented at trial.

On the other hand, section 1093 sets out the general order in which a trial should proceed, specifically providing in subdivision (f) that at the conclusion of the evidence and after the closing arguments of counsel, the court may charge the jury and give them a written copy of the instructions read. Subdivision (f), however, also provides that "At the beginning of the trial or from time to time during the trial, and without any request from either party, the trial judge may give the jury such instructions on the law applicable to the case as the judge may deem necessary for their guidance on hearing the case." Under section 1094, the court may depart from the usual order of trial set forth in section 1093 "for good reasons, and in the sound discretion of the Court." (§ 1094.)

Although discretionary, the practice of preinstructing a jury on general principles of law before opening statements has long been recognized by California appellate courts. (See *People v. Valenzuela* (1977) 76 Cal.App.3d 218, 222 [142 Cal.Rptr. 655] (*Valenzuela*), citing cases encouraging preinstruction; see also Cohen, *Symposium: Communicating with Juries: The Timing of Jury Instructions* (2000) 67 Tenn. L.Rev. 681, 688–692 [discussing the advantages to preinstruction in California and nationwide].) As the courts have explained "the purpose of preinstructing jurors . . . is to give them some advance understanding of the applicable principles of law so that they will not receive the evidence and arguments in a vacuum." (*Valenzuela, supra,* 76 Cal.App.3d at p. 222.) Moreover, "[c]alling the attention of the jury at the commencement of the trial, to legal problems to be met, if fairly done, may be of great value in enabling the jury to understand the purpose and thus properly evaluate various bits of the evidence." (*People v. Jones* (1960) 184 Cal.App.2d 464, 473 [7 Cal.Rptr. 424].)

Notwithstanding this encouragement for preinstructions, nothing in the statutes on preinstruction (§ 1122) or order of trial proceedings (§§ 1093–1094)

mandates that a trial court preinstruct the jury on burdens of proof, presumption of innocence, or methods of weighing circumstantial evidence. Rather, courts in California have generally favored giving burden-of-proof-type instructions at the conclusion of the evidence at trial and before the jury deliberates because it "places the concepts at center stage for consideration during deliberations" and "protect[s] an accused's constitutional right to be judged solely on the basis of proof adduced at trial." (*People v. Crawford* (1997) 58 Cal.App.4th 815, 825–826 [68 Cal.Rptr.2d 546]; see also *People v. Elguera* (1992) 8 Cal.App.4th 1214 [10 Cal.Rptr.2d 910] (*Elguera*).) As one court noted, "[i]f any phrase should be ringing in the jurors' ears as they leave the courtroom to begin deliberations, it is 'proof beyond a reasonable doubt.' " (*Elguera*, at pp. 1222–1223.)

Moreover, like other instructional error claims, those challenging the timing of instructions as an abuse of discretion or a violation of due process are determined based on a review of the instructions as a whole in light of the entire record. (*Estelle v. McGuire, supra*, 502 U.S. at p. 72; *Musselwhite, supra*, 17 Cal.4th at p. 1248; e.g., *People v. Webb* (1967) 66 Cal.2d 107, 128 [56 Cal.Rptr. 902, 424 P.2d 342] [giving instructions on circumstantial evidence at the beginning rather than the end of the trial was not an abuse of discretion]; *People v. Frederick* (2006) 142 Cal.App.4th 400, 415 [48 Cal.Rptr.3d 585] [no court error in failing to reinstruct jury on an element included in preinstructions to the jury]; *People v. Kainzrants* (1996) 45 Cal.App.4th 1068, 1075 [53 Cal.Rptr.2d 207] [incomplete preinstructions do not devaluate the complete and written instructions given before deliberations]; *Valenzuela, supra*, 76 Cal.App.3d at p. 221 [a court that chooses to preinstruct the jury on the law is not required to repeat those instructions at the completion of the trial unless it is a long trial or there is evidence that the jury became confused or was misled regarding the preinstructed law].)

## C.  Analysis

At the outset, we note Smith does not contend that the trial court erred in preinstructing the jury under section 1122 or disagree that his case falls under sections 1093 and 1094, giving the trial court broad discretion on when to read instructions on the law to the jury. Nor does he argue that any of the instructions given the jury in this case were misstatements of the law or that the court abused its discretion in reading CALCRIM Nos. 223 and 224 at the conclusion of the evidence.

Although the People appear to characterize Smith's contention as one claiming an abuse of discretion, he actually raises a different question, claiming that his constitutional rights to due process and a fair trial were violated by the court's failure to give CALCRIM No. 224 at the same time it

preinstructed under CALCRIM No. 223 on the definition of direct and circumstantial evidence even though it correctly and fully read both instructions at the conclusion of evidence at trial. This claim appears to be based on the faulty premise that the court's preinstruction with CALCRIM No. 223 without also giving CALCRIM No. 224 was an "erroneous initial instruction on the evaluation of circumstantial evidence" and assumes that CALCRIM No. 224 must always be given at the same time as CALCRIM No. 223 without any supporting authority and contrary to the trial court's broad discretion under sections 1093 and 1094 as to when to instruct the jury on the law. Smith interprets this omission of CALCRIM No. 224 at the preinstruction stage as "an incomplete and ultimately confusing instruction that may very well have resulted in guilty verdicts without the necessary predicate findings by the jury that each of the facts constituting the elements of the offenses charged had been proved to the same standard of beyond a reasonable doubt."

In essence, Smith seeks to impose a rule on the trial court that would require it, by a constitutional mandate, to always read CALCRIM No. 224 if, in its discretion, it preinstructs the jury with CALCRIM No. 223 even though it later gives CALCRIM No. 224 correctly and fully along with CALCRIM No. 223 at the conclusion of the evidence at trial. He argues this rule is necessary to avoid "significantly reducing the prosecution's burden of proof" and to ensure that jurors correctly weigh the evidence as they hear it because common experience shows that "jurors are far more attentive to a trial judge's initial instructions" given before testimony, they are likely to "tune out" those given at the end of testimony, and "consciously or not, [they have] begun to formulate conclusions about the quantum of proof as the trial [has] proceeded."

Smith's assertions, made without citation to any authority, however, are at odds with both California statutory and case law and the jury instructions given in this case. As noted above, there is no mention in sections 1093, 1094 or 1122 regarding preinstruction and the timing of instructions on general legal principles, about when specific instructions on the prosecution's burden of proof, the presumption of innocence, or the sufficiency of circumstantial evidence must be given. We must presume that by this omission the Legislature did not intend to make preinstruction on these matters to be mandatory. (See *Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1160, fn. 7 [278 Cal.Rptr. 614, 805 P.2d 873].)

In addition, Smith ignores not only the basic principles of review recited above regarding looking at the entire charge when reviewing claims of instructional error and claims that an instruction violates due process (see *Estelle v. McGuire, supra*, 502 U.S. at p. 72; *Musselwhite, supra*, 17 Cal.4th at

p. 1248), but also the body of case authority that recognizes that "[i]nstruction at the conclusion of trial, rather than before, tends to ensure emphasis and prevent confusion" (*Elguera, supra*, 8 Cal.App.4th at p. 1223).

Although we have found no cases specifically addressing a claim such as Smith's, we note that two recent cases, *People v. Ibarra* (2007) 156 Cal.App.4th 1174 [67 Cal.Rptr.3d 871] (*Ibarra*) and *People v. Anderson* (2007) 152 Cal.App.4th 919 [61 Cal.Rptr.3d 903] (*Anderson*), have addressed the interplay of CALCRIM Nos. 223 and 224 and have held that they correctly state the law regarding direct and circumstantial evidence and do not in any way undermine the reasonable doubt standard or presumption of innocence. (*Ibarra, supra*, at pp. 1186–1187; *Anderson, supra*, at pp. 931–934.) Although neither case concerned a challenge to the timing of when CALCRIM Nos. 223 and 224 must be given, their reasoning is instructive. In rejecting claims that CALCRIM No. 224 lessened the prosecution's burden of proof, the court in *Anderson* specifically noted that CALCRIM No. 224 "does not concern the burden of proof but [only] the threshold inquiry regarding the use of circumstantial evidence." (*Anderson, supra*, at p. 934.) Further, the court in *Ibarra* rejected an assertion that CALCRIM Nos. 223 and 224 were "contradictory, confusing, and misleading" when given together because CALCRIM No. 223 concerns both direct and circumstantial evidence whereas CALCRIM No. 224 concerns only the sufficiency of circumstantial evidence and merely cautions the jury before relying on such evidence to find the defendant guilty beyond a reasonable doubt without defining that burden. (*Ibarra, supra*, at pp. 1186–1187.) Thus, to the extent Smith argues that the omission of CALCRIM No. 224 at the beginning of trial rather than at the end of trial somehow misled the jury in this case because the prosecution's burden of proof was not accurately described until CALCRIM No. 224 was read at the end of trial, the reasoning in *Anderson* and *Ibarra* forecloses such an assertion. (See *Anderson, supra*, 152 Cal.App.4th at pp. 932–934; *Ibarra, supra*, 156 Cal.App.4th at p. 1187.)

Moreover, even though CALCRIM No. 224 must be given sua sponte when the prosecution substantially relies on circumstantial evidence or, as here, on both direct and circumstantial evidence to prove guilt (*People v. Wiley* (1976) 18 Cal.3d 162, 174 [2 Cal.Rptr. 135, 554 P.2d 881]), our Supreme Court in addressing the failure of a court to so instruct at any time noted that the error does not rise to the level of federal constitutional error unless the jury is also not instructed on reasonable doubt. (See *People v. Rogers* (2006) 39 Cal.4th 826, 886 [48 Cal.Rptr.3d 1, 141 P.3d 135] (*Rogers*).) Specifically, in rejecting a claim that the omission of CALJIC No. 201 on the sufficiency of circumstantial evidence, the precursor to CALCRIM No. 224 which is substantively the same as CALJIC No. 201, violated several of the defendant's federal constitutional rights, the court in *Rogers* stated: "Insofar as the federal Constitution itself does not require courts to instruct on the evaluation

of circumstantial evidence where, as here, the jury properly was instructed on reasonable doubt [citations], defendant's claim necessarily rests on the asserted arbitrary denial of a state-created liberty interest. [Citation.] We doubt the common law right to a circumstantial evidence instruction rises to the level of a liberty interest protected by the due process clause. [Citation.]" (*Rogers, supra*, 39 Cal.4th at pp. 886–887.)

Unlike in *Rogers*, the trial court here did not omit the instruction on the sufficiency of circumstantial evidence from its entire charge to the jury. Because the jury was also properly instructed on reasonable doubt, it is difficult to see how Smith's due process rights were violated in light of the statements in *Rogers* and the federal cases cited there. (*Rogers, supra*, 39 Cal.4th at pp. 886–887.) Smith's attempt to equate his case with one where a trial court omits both the sufficiency of the circumstantial evidence instruction and reasonable doubt instruction altogether in order to support a due process violation fails.

■ Smith has simply provided no authority to require the trial court to sua sponte preinstruct the jury under CALCRIM No. 224 on the sufficiency of circumstantial evidence just because it exercises its discretion to preinstruct the jury under CALCRIM No. 223 on the definitions of direct and circumstantial evidence, thereby giving the jury an advance understanding of the types of evidence it would receive. (See *Valenzuela, supra*, 76 Cal.App.3d at p. 222.) We therefore conclude that the trial court did not violate Smith's rights to due process and a fair trial by preinstructing the jury under CALCRIM No. 223 without also preinstructing under CALCRIM No. 224 where it gave those instructions fully and correctly along with the presumption of innocence and the prosecution's burden of proof (reasonable doubt instructions) at the close of evidence.

Furthermore, as already noted, Smith did not object to the preinstruction procedure or request the court to preinstruct on the sufficiency of circumstantial evidence. The trial court told the jury the preinstructions were simply "preliminary," more instructions would be given at the close of the trial, and not to form or express any opinion until the case had been submitted to them. At the end of trial, the court fully and correctly instructed the jury on the pertinent law, including the definitions of direct and circumstantial evidence (CALCRIM No. 223), as well as explaining the law on the sufficiency of circumstantial evidence (CALCRIM No. 224) and on reasonable doubt (CALCRIM No. 220). The court instructed the jury to consider all instructions together, reminding them that repetition or the fact that some instructions were read at the outset of trial should not lead the jury to infer any extra significance. The court also gave the jurors a written copy of all the instructions. Smith neither complained below that the jury was confused

about the principles governing circumstantial evidence, nor has he identified any actual evidence of any confusion in that regard on appeal. "In the absence of such evidence, the presumption that the jurors regularly performed their duties prevails [citation] . . . ." (*Chung, supra*, 57 Cal.App.4th at p. 760.)

■ In sum, based on this record and the jury instructions as a whole, we cannot find that the trial court violated Smith's rights to due process and a fair trial in preinstructing the jury on the definitions of direct and circumstantial evidence, without also preinstructing on the method of assessing the sufficiency of the circumstantial evidence, where the instructions were given in full at the conclusion of the evidence.

## DISPOSITION

The judgment is affirmed.

Aaron, J., and Irion, J., concurred.