Filed 2/3/15  P. v Barnett CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060400 |
| v. | (Super.Ct.No. RIF1301306) |
| CARY EUGENE BARNETT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Jean P. Leonard, Judge. Affirmed.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and William M. Wood, Deputy Attorneys General, for Plaintiff and Respondent.

1

An information charged defendant and appellant Cary Eugene Barnett with two counts of assault with a semiautomatic firearm, both of which included personal use allegations (Pen. Code, §§ 245, subd. (b),[1] 12022.5, subd. (a), counts 1 & 2), drawing and exhibiting a firearm in a threatening manner and in the presence of an occupant of a motor vehicle on a highway (§ 417.3, count 3), and possession of a firearm by a convicted felon (§ 29800, subd. (a)(1), count 4). The information also alleged a prior prison term conviction. (§ 667.5, subd. (b).)

Following a jury trial, defendant was found guilty as charged and the firearm use allegations were found true. He admitted the prior prison term enhancement. He was sentenced to state prison for a total of 15 years.

Defendant contends on this appeal that there was insufficient evidence to support the convictions for assault with a semiautomatic firearm in counts 1 and 2. He also contends that the jury instruction on these counts was erroneous because it omitted two elements requiring the prosecution to prove that defendant acted willfully, and with knowledge of facts leading a reasonable person to realize his actions would directly result in the application of force.

## FACTS

Around noon on February 15, 2013, Jourdan Singleton and Kerry O'Brien were travelling south on Reche Canyon Road. O'Brien was driving a pickup truck and Singleton was riding in the passenger seat. They had come to a stop at the intersection

---

[1] All further statutory references are to the Penal Code, unless otherwise noted.

2

with Topanga Court when they heard and then saw a light beige or gold Lincoln Town Car approach from behind and pass them on the right traveling about 70 to 80 miles per hour. The Lincoln went through the red light and drove out of view.

Singleton told O'Brien that if they saw that car again, they should take a picture of the license plate and make a report.

Further along Reche Canyon Road, they did see the Lincoln again stopped in traffic. The driver of the Lincoln, whom Singleton and O'Brien both identified as defendant, flipped them off. Singleton and O'Brien returned the gesture as Singleton was trying to take a picture with his phone. Defendant reached into the backseat and pulled out a semiautomatic handgun, which he pointed at Singleton and O'Brien. O'Brien testified that the passenger just "melt[ed] into the passenger seat" and she saw defendant reach into the backseat and pull up a gun. When she saw this, O'Brien said, "I'm turning right. I'm going."

Singleton and O'Brien stopped at a gas station and called the police to report the incident. Deputy Hutson of the Riverside County Sheriff's Department responded to that call. Singleton provided him with the license plate number of the Lincoln. Defendant was the registered owner. Hutson obtained the address for the registered owner, but did not go to that address because it was outside the city limits. Hutson did prepare a six-pack photographic lineup. Singleton selected defendant from that lineup, but O'Brien was unable to do so.

3

The parties stipulated that defendant had been convicted of a felony prior to February 17, 2013 and, on that date, he was the registered owner of four-door Lincoln vehicle with a license plate number 5VYU473.

Defendant's wife, Oshia Barnett, testified that on February 15, 2013, she was a passenger in the Lincoln that her husband was driving. While traveling south on Reche Canyon Road, they approached a traffic signal where a truck was stopped. Because the occupants of the truck had their heads down and appeared to be preoccupied, defendant pulled in the right-hand turn lane and drove straight when the light turned green. She denied that they exceeded the speed limit.

Mrs. Barnett noticed the truck follow them through Reche Canyon. As defendant stopped at a red light, the truck pulled to the right, and the young man called defendant the "N" word and shouted, "I'm not through with you yet." He was taking photos and leaning over the woman driver. Defendant drove off when the light turned green. Mrs. Barnett denied that her husband reached in the backseat and grabbed anything. She maintained that there was not a semiautomatic pistol in the car, and that her husband did not have any guns at all.

Defendant's account of the incident concurred with his wife's testimony.

Three months later, while defendant and Mrs. Barnett were in the car, they were stopped by police. The car, defendant, and Mrs. Barnett were searched. Their home was later searched, but no gun was ever located.

Mrs. Barnett denied being fearful of her husband, although she acknowledged that he had physically assaulted her during an incident on June 12, 2007. Although she informed police at the time that defendant had threatened to kill her, she testified that was not a true statement. She claimed the incident arose when defendant tried to stop her from driving after she had taken too much medication. She sustained injuries when she fell during a struggle for the keys.

Defendant admitted his convictions for firearm possession and spousal abuse. He testified that the spousal abuse arose out of an incident where he and his wife struggled over car keys he kept from her because she was under the influence of medication. He denied punching, kicking or dragging her.

The prosecution presented rebuttal testimony from Riverside Police Officer Dennis Causey who stated that he responded to a 911 call on June 12, 2007, and spoke to Mrs. Barnett. The latter told him that defendant assaulted her on that day and four days earlier. He dragged her by the hair, punched her in the face, threw her to the ground and punched and kicked her. She was afraid he would kill her.

## DISCUSSION

*Sufficiency of the Evidence.*

Defendant contends that there was insufficient evidence to establish beyond a reasonable doubt the offenses of assault with a semiautomatic weapon alleged in counts 1 and 2 because the prosecution failed to show he had the present ability to use force. In short, there was insufficient evidence that the gun was loaded.

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)" (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.) We presume in support of the judgment the existence of every fact the trier of fact reasonably could deduce from the evidence, and we affirm even if the circumstances and evidence would support a contrary finding. (*Ibid.*)

Assault with a deadly weapon can be committed by pointing a gun at another person (*People v. Raviart* (2001) 93 Cal.App.4th 258, 263), but a long line of California decisions hold that an assault is not committed by a person merely pointing an *unloaded* gun in a threatening manner at another person (*People v. Rodriguez*, *supra*, 20 Cal.4th at p. 11, fn. 3). *Rodriguez* did not question the continued viability of that rule, but addressed the "required quantum of circumstantial evidence necessary to demonstrate present ability to inflict injury and thus to sustain a conviction of assault with a firearm." (*Ibid.*) It observed that California courts have held that a "defendant's own words and conduct in the course of an offense may support a rational fact finder's determination that he used a loaded weapon." (*Id.* at p. 13.)

*Rodriguez* held that the Court of Appeal had erred in reversing the defendant's conviction of assault with a firearm based on its view that there was an absence of evidence that the gun was loaded. The Supreme Court concluded that there was

sufficient evidence from which the jury could reasonably find that the gun was loaded. From the roof of an apartment building, the victim witnessed the defendant shoot someone the day before. He was later warned by one of the defendant's fellow gang members not to talk to the police. When the victim approached another gang member to explain he would not talk, he met the defendant who took out a gun and put the barrel under the victim's chin and told him to keep quiet because " 'I could do to you what I did to them.' " (*People v. Rodriguez*, *supra*, 20 Cal.4th at pp. 6-7.) The Court of Appeal majority found it significant that the defendant had not armed himself and gone hunting for the victim, and that no evidence suggested he was planning or engaging in any criminal activity when he encountered the victim. "While such circumstances might tend to support a conclusion contrary to that reached by this jury, their absence does not so undermine the jury's reasoning as to warrant overturning its verdict." (*Id.* at p. 14.)

*Rodriguez* pointed out that the Court of Appeal's opinion gave no indication that it followed the well-established standard of appellate review and, although it cited most of the pertinent evidence the jury must have considered in reaching its verdict of guilt, it failed to view the evidence in the light most favorable to the judgment. In doing so, it acted as an appellate factfinder. (*People v. Rodriguez*, *supra*, 20 Cal.4th at pp. 11-12.)

*Rodriguez* referred favorably to *People v. Montgomery* (1911) 15 Cal.App. 315, where there was no direct evidence that the gun was loaded and the defendant testified it was not. However, the *Montgomery* court noted that the defendant was enraged when he left a fight and he returned with a gun he leveled at the victim, declaring, " 'I have got

you now.' " (*Id.* at p. 318.) These words would be meaningless unless the weapon was loaded and, thus, the jury reasonably found under the circumstances that the gun was loaded. (*Ibid.*)

*Rodriguez* cited, with approval, other cases that reached a similar conclusion. In *People v. Mearse* (1949) 93 Cal.App.2d 834, 836-838, the defendant's command to the victim to halt or " 'I'll shoot' " indicated the gun was loaded. In *People v. Hall* (1927) 87 Cal.App. 634, 636, the defendant drew a gun on robbery victims and ordered them to hold up their hands and face the wall. Even though the revolver later retrieved from the defendant did not have a magazine, the court concluded his "acts and the language used by him in the commission of the robbery constituted an admission by conduct, an implied assertion that the gun was loaded." (*Ibid.*)

In contrast, *Rodriguez* disapproved the Court of Appeal decision in *People v. Bekele* (1995) 33 Cal.App.4th 1457, because it engaged in appellate factfinding. In *Bekele*, two men saw the defendant burglarizing a pickup truck owned by one of them. The defendant fled when confronted by the two. They pursued and saw the defendant tug twice at his jacket and produce a gun. He pointed it at one of the men and said, don't. The defendant was later apprehended in a homeless encampment but the gun was never recovered. The Court of Appeal believed that there was nothing in the defendant's conduct in retrieving the gun or handling it to support an inference that it was loaded. Like the decision it was currently reviewing, the Supreme Court noted that the published portion of the *Bekele* decision did not refer to the standard of review or explain "how the

8

normal presumption favoring the judgment was overcome. It is apparent the *Bekele* court committed the same error as did the Court of Appeal in the present case: It simply reviewed the evidence considered by the jury and drew therefrom different inferences." (*People v. Rodriguez*, *supra*, 20 Cal.4th at pp. 13-14.)

Here, defendant's driving—even before the confrontation—exhibits impatience and frustration. When he later saw Singleton photographing his vehicle, an angry confrontation occurred involving the exchange of obscene gestures. Defendant then reached into the backseat and pulled a semiautomatic handgun, which he pointed straight toward the victims. As he did so, his wife was seen shrinking back as if anticipating a shooting. While defendant was heard to make no statements or threats, this absence can be explained because the car windows were closed. Defendant's actions speak volumes. When we presume, as we must, the existence of every fact the trier of fact reasonably could deduce from the evidence, we must conclude that there was substantial evidence to support the jury's verdict.

*Jury Instructions.*

Defendant contends that the jury instruction on assault with a firearm was erroneous because it failed to instruct the jury on the elements of willfulness and knowledge. Assault requires "an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." (*People v. Williams* (2001) 26 Cal.4th 779, 790; see CALCRIM No. 875.)

The trial court informed the jury: "To prove that the defendant is guilty of this crime, the People must prove that, one, the defendant did an act with a semiautomatic firearm that by its nature would directly and probably result in the application of force to a person, and, two, when the defendant acted, he had the present ability to apply force with a semiautomatic firearm to a person." This instruction did not instruct the jury that it had to find that defendant acted willfully and with actual knowledge.

However, the trial court elsewhere instructed the jury with regard to the assault and brandishing charges that it had to find defendant acted with wrongful intent. It explained further that "a person acts with wrongful intent when he or she intentionally does a prohibited act or fails to do a required act." Thus, even though the assault instruction failed to include the willfulness element, another instruction directed the jury that it had to find that defendant acted willfully. We review jury instructions based on the entire charge of the court, and an omission of an element in one instruction may be cured by another instruction. (*People v. Smith* (2008) 168 Cal.App.4th 7, 13.)

10

Accordingly, we conclude that there was no error in instructing the jury on the intent element of assault.

No instruction required the jury to find the "actual knowledge" element of assault. The People concede as much but contend that the error was not prejudicial. We agree.

In this case, the crucial issue was whether or not defendant pointed a gun at Singleton and O'Brien. The victims testified that he did while defendant and his wife denied that there was even a gun in the car. It is obvious that the jury credited Singleton and O'Brien's testimony and found defendant had a gun. The jury also reasonably inferred the gun was loaded, as discussed *ante*. There was no dispute among the witnesses that a confrontation took place between defendant and Singleton and O'Brien. They exchanged obscene hand gestures. Singleton was in the passenger seat taking photographs and O'Brien was in the driver's seat. The two vehicles were along side of one another and both defendant and his wife knew that there were two occupants in the truck. Having found defendant pointed a loaded gun, the jury would necessarily have found based on this record he acted with knowledge that he was aiming it at the two occupants of the truck. Thus, we conclude that the failure to instruct on the "actual knowledge" element of assault was harmless beyond a reasonable doubt. (*People v. Williams*, *supra*, 26 Cal.4th at p. 790; *People v. Raviart*, *supra*, 93 Cal.App.4th at pp 267-268.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.